MATEO LATALLADE ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1195. Submitted November 4, 1946.—Decided November 27, 1946.

*Domínguez & Domínguez* for appellants. The registrar did not appear.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Mateo Latallade, domiciled in the city of New York, executed a power of attorney whereby he authorized Eduardo Reyes to sell all the undivided interests, rights, and claims which he might hold, by inheritance or any other title, in a certain rural property of 73 acres (*cuerdas*), situated in the municipal district of Patillas, Puerto Rico.

By a deed executed at Guayama on April 27, 1946, Eduardo Reyes, in his capacity as attorney in fact of Latallade, sold the said undivided interests, rights, and claims to Teodora Latallade y Rivera, a sister of the principal and the wife of the attorney in fact, Eduardo Reyes. The registrar refused to record that deed for the reasons set forth in the following decision:

"Record of the foregoing document, which is a copy of deed No. 33, executed at Guayama on April 27, 1946, before Notary Celestino Domínguez Rubio, upon exhibition of a power of attorney, is denied because Eduardo Reyes, attorney in fact of Mateo Latallade Rivera, is the person authorized under said power of attorney to alienate the undivided interests of his principal in the described property, and at the same time he is also, under the law, a co-owner of those condominia purchased by his wife Teodora Latallade Rivera, without there appearing from the documents presented, any ratification of the contract on the part of the principal, nor any showing whatsoever that such acquisition has been made for the exclusive ownership of the grantee Teodora Latallade Rivera."

The registrar bases his ruling on the holdings of this court in *Giménez* v. *The Registrar*, 21 P.R.R. 314, and *Luce & Co.* v. *Registrar of Guayama*, 33 P.R.R. 473. In the first of these cases it was held that the managing partner of a firm is considered as its agent and, in accordance with the prohibition laid down in subdivision 2 of § 1362 of the Revised Civil Code (§ 1348, 1930 ed.), the managing partner of a firm cannot sell its property to his wife acting as agent of the conjugal partnership. In the second, ratifying the doctrine laid down

in *Giménez* v. *Registrar*, 21 P.R.R. 314, it was held that a sale of common property made as agent of the owners by a person who is managing partner of the purchasing firm is null and void, because it is contrary to the provisions of subdivision 2 of § 1362 of the Civil Code.

We do not see how the case at bar can be distinguished from those cited above. The attorney in fact in this case sold the property to his wife, who, presumably, acquired it for the conjugal partnership. It is true that the wife may, by herself and without the consent of her husband, acquire property for the conjugal partnership; but it is no less true that the beneficiaries of such acquisition are the husband and the wife, and that the husband is the administrator of the properties belonging to the conjugal partnership.

The decision appealed from should be affirmed.